# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CR-11-109-M |
| ) | |
| FARIDEH HEIDARPOUR, ) | |
| a/k/a Faraday Heidarpour, ) | |
| a/k/a Faraday Pour; ) | |
| ALI HEIDARPOUR; and ) | |
| A.B.C. BILLING, INC., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is Defendants' Motion to Exclude Alleged Co-Conspirator Statements with Brief in Support, filed June 25, 2012. The government's response was filed on June 29, 2012.[1] On June 22, 2012, the Court conducted a hearing pursuant to *United States v. James*, 590 F.2d 575 (5th Cir. 1979).

At the *James* hearing, Special Agent Brenda Hankinson testified.[2] Agent Hankinson testified regarding the nature and members of the alleged conspiracy involved in this case. Agent Hankinson further testified the alleged conspiracy began in or about January 2005 and ended in or about July, 2009. Finally, Agent Hankinson testified regarding the statements that the government contends are

---

[1] Prior to the filing of defendant's motion, the government filed a Notice of Intent to Offer Co-Conspirator Hearsay pursuant to Federal Rule of Evidence 801(d)(2)(E). In its response the government argues alternatively for admission pursuant to Rule 801(d)(2)(D). These same statements are at issue in defendant's motion to exclude.

[2] The Court finds that Agent Hankinson is a credible witness.

1

admissible co-conspirator statements.

Rule 801(d)(2)(E) of the Federal Rules of Evidence provides, in pertinent part:

> (d) Statements which are not hearsay. A statement is not hearsay if –
> \* \* \*
> (2) Admission by party-opponent. The statement is offered against a party and is . . .
> (E) a statement by a coconspirator of a party during the course and in furtherance of the conspiracy.

Fed. R. Evid. 801(d)(2)(E). Rule 801(d)(2)(E) allows for the admissibility of co-conspirator statements only if "the trial court finds the following elements by a preponderance of the evidence: (1) that a conspiracy existed; (2) that the declarant and the defendant were both members of the conspiracy; and (3) that the statements were made in the course of and in furtherance of the conspiracy." *United States v. Sinclair*, 109 F.3d 1527, 1533 (10th Cir. 1997).

"In making its preliminary factual determination as to whether a conspiracy exists, the court may consider the hearsay statement sought to be admitted, along with independent evidence tending to establish the conspiracy." *United States v. Lopez-Gutierrez*, 83 F.3d 1235, 1242 (10th Cir. 1996) (internal citations omitted). "[T]here need only be some independent evidence linking the defendant to the conspiracy." *Id.* (internal quotations and citations omitted). "Such independent evidence may be sufficient even when it is not 'substantial.'" *Id.* (internal citation omitted). Independent evidence has been defined as evidence other than the proffered coconspirator statements themselves. *Id.*

"[A] declaration made after the termination of the conspiracy does not fall within [Rule 801(d)(2)(E)]." *United States v. Silverstein*, 737 F.2d 864, 867 (10th Cir. 1984). "Generally, a conspiracy terminates when its central criminal purposes have been attained." *United States v. Mayes*, 917 F.2d 457, 464 (10th Cir. 1990) (internal quotations and citations omitted). Further, "[t]he duration of a conspiracy does not extend to attempts to conceal the crime." *Silverstein*, 737 F.2d at

2

867 (internal citations omitted).

"No talismanic formula exists for ascertaining whether a particular statement was intended by the declarant to further the conspiracy . . . . To the contrary, this determination must be made by examining the context in which the challenged statement was made." *United States v. Perez*, 989 F.2d 1574, 1578-79 (10th Cir. 1993) (internal citations omitted). "In general, mere narratives, between coconspirators or narrative declarations of past events are not 'in furtherance,' while statements of future intent that set transactions integral to the conspiracy in motion and maintain the information flow among coconspirators meet the 'in furtherance' requirement." *United States v. Roberts*, 14 F.3d 502, 514-15 (10th Cir. 1993). Statements identifying other members of the conspiracy, statements describing their roles in the conspiracy, statements discussing the particular roles of other coconspirators, statements made to induce enlistment or further participation in the group's activities, statements made to prompt further action on the part of the conspirators, statements made to reassure members of a conspiracy's continued existence, statements designed to allay the fears and suspicions of another coconspirator, and statements made to keep coconspirators abreast of an ongoing conspiracy's activities are all "in furtherance of" the conspiracy. *See United States v. Owens*, 70 F.3d 1118, 1125 (10th Cir. 1995); *United States v. Williamson*, 53 F.3d 1500, 1520 (10th Cir. 1995); *Roberts*, 14 F.3d at 515; *Perez*, 989 F.2d at 1578.

Rule 801(d)(2)(E) of the Federal Rules of Evidence excludes as hearsay any statement offered against an opposing party and "was made by the party's agent or employee on a matter within the scope of that relationship and while it existed". Fed. R. Evid. 801(d)(2)(E).

Having heard the evidence and arguments presented at the *James* hearing, and having revied the parties' submissions the Court finds, by a preponderance of the evidence, that a conspiracy

existed, that Farideh Heidarpour, a/k/a Faraday Heidarpour, a/k/a Faraday Pour, Ali Heidarpour, A.B.C. Billing, Inc., the Advanced Clinics located in Oklahoma, California and Texas, and the following employees of the Advanced Clinic, Marie Coffey, Cameron Graham, Gena Daniels, Donisha Hamilton, Kristi Janelli, Dr. Bonnie Lammers, Karen Lew, Sharon Picha, Danielle Sachetti, Amy Shrodes, Rebecca Storey, Emily Wyrick and Muriel Mayes acting on behalf of the Advanced Clinics were members of the conspiracy, and that the conspiracy began in or about January 2005 and continued through in or about July 2009.

Regarding the specific statements at issue, the Court finds that the statements or any statement substantially similar to the statements identified in the government's notice made by Marie Coffey, Cameron Graham, Gena Daniels, Donisha Hamilton, Kristi Janelli, Dr. Bonnie Lammers, Karen Lew, Sharon Picha, Danielle Sachetti, Amy Shrodes, Rebecca Storey, Emily Wyrick and Muriel Mayes during the time frame of the conspiracy were made in the course of and in furtherance of the conspiracy. Accordingly, the Court finds that the statements of the above named co-conspirators are admissible under Rule 801(d)(2)(E). Additionally, the Court finds that the relevant statements of the above named co-conspirators are also admissible under Rule 801(d)(2)(D) as actions taken within the scope of their relationship with or employment by defendants. Finally, the

Court finds that the statements of Linda Hembree and Michael Tesson, patients of defendant Advanced Clinics, were not made in the furtherance of the conspiracy. Accordingly, the Court finds that the statements of Linda Hembree and Michael Tesson are not admissible under Rule 801(d)(2)(E) or Rule 801(d)(2)(E).

For the reasons set forth above, the Court GRANTS IN PART and DENIES IN PART Defendants' Motion to Exclude Alleged Co-Conspirator Statements [docket no. 95].

**IT IS SO ORDERED this 10th day of July, 2012.**

_____
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE