IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | No. CR-11-109-M |
| ) | |
| FARIDEH HEIDARPOUR, ) | |
| a/k/a Faraday Heidarpour, ) | |
| a/k/a Faraday Pour, ) | |
| ALI HEIDARPOUR; and ) | |
| A.B.C. BILLING, INC., ) | |
| ) | |
| Defendant. ) | |

## PLEA AGREEMENT

### Introduction

1. This document contains the entire plea agreement between defendant, Farideh Heidarpour, and the United States through its undersigned attorney. No other agreement or promise exists, nor may any additional agreement be entered into unless in writing and signed by all parties. Any unilateral modification of this agreement is hereby rejected by the United States. This agreement applies only to the criminal violations described and does not apply to any civil matter or any civil forfeiture proceeding except as specifically set forth. This agreement binds only the United States Attorney's Office of the

Western District of Oklahoma and does not bind any other federal, state or local prosecuting, administrative or regulatory authority. If defendant does not accept the terms of this agreement by Tuesday August 14, at 2:00 p.m., the offer is withdrawn.

## Guilty Plea

2. Defendant agrees to enter a plea of guilty to Count Four in Case Number CR-11-109-M charging one count of heath care fraud in violation of 18 U.S.C. §1347, involving the use of CPT code 97750. To be found guilty of violating 18 U.S.C. §1347, as charged in the Superseding Indictment, defendant must admit that she: 1) knowingly executed or attempted to execute a scheme or artifice to defraud Department of Labor, Office of Workers Compensation Program (DOL-OWCP) in a material manner; 2) acted willfully and with the intent to defraud; and 3) the actions she took were in connection with the delivery of or payment for health care services. The parties agree that the services defendant billed to DOL-OWCP were made in connection with a national health care benefit plan.

## Maximum Penalty, Restitution and Special Assessments

3. The maximum penalty that could be imposed as a result of this plea is 10 years imprisonment or a fine of $250,000.00, or both such fine and imprisonment, as well as a mandatory special assessment of $100.00, and a term of supervised release of 3 years.

In addition to the punishment described above, a plea of guilty can affect immigration status. If you are not a citizen of the United States, the effect of a guilty plea may result in deportation and removal from the United States, may prevent you from ever lawfully reentering or remaining in the United States, and may result in the denial of naturalization.

4. In addition, the Court must order the payment of restitution to the victim(s) of the offense. Pursuant to 18 U.S.C. §§ 3663(a)(3) and 3663A, the parties further agree that, as part of the sentence resulting from the defendant's plea, the Court will enter an order of restitution to the victims of the defendant's conduct as determined by reference to the United States Sentencing Guidelines. The parties agree that the restitution amount for the count of conviction is $120,689.84.. In addition, at or before sentencing, Defendant will refund no less than $1,000,000 to the government for services paid by DOL-OWCP. The parties agree that the sum of $1,000,000 will be applied toward any civil recovery. Further, the parties agree that this refund does not represent a full monetary settlement of the civil qui tam action in Case No. C 08-03411 pending in the Northern District of California. Finally, defendant agrees to forfeit to the government all sums paid into the Court fund pursuant to Doc No. 41 entered by Judge Miles-LaGrange on May 23, 2011, which shall be applied to the restitution amount set out herein.

5. Defendant agrees to pay the special assessment due the United States to the Office of the United States Court Clerk immediately following sentencing. Defendant understands that any fine or restitution ordered by the Court is immediately due unless the Court provides for payment on a date certain or in installments.

6. For certain statutory offenses, the Court must also impose a term of supervised release, which defendant will begin to serve after being released from custody. For all other offenses, the court may impose a term of supervised release to be served following release from custody. During the term of supervised release, defendant will be subject to conditions that will include prohibitions against violating local, state or federal law, reporting requirements, restrictions on travel and residence, and possible testing for controlled substance use. If defendant violates the conditions of her supervised release, the Court may revoke her supervised release, and sentence her to an additional term of imprisonment. This additional term of imprisonment would be served without credit for the time defendant successfully spent on supervised release. When combined, the original term of imprisonment and any subsequent term of imprisonment the Court imposes may exceed the statutory maximum prison term allowable for the offense.

## Sentencing Guidelines

7. The parties acknowledge that 18 U.S.C. § 3553(a), directs the Court to consider certain factors in imposing sentence, including the Sentencing Guidelines promulgated by the United States Sentencing Commission. Consequently, although the parties recognize that the Sentencing Guidelines are only advisory, they have entered into certain stipulations and agreements with respect to the Guidelines. It is the position of the United States that the actual loss resulting from the scheme to defraud DOL-OWCP is greater than $400,000 but less than $1,000,000. The United States further agrees that it will not oppose the defendant's request for a downward variance.

The parties agree defendant should receive a 2-level downward adjustment for acceptance of responsibility pursuant to USSG § 3E1.1(a), if she commits no further crimes, does not falsely deny or frivolously contest relevant conduct, and fully complies with all of the other terms of this agreement. Further, to the extent the Court finds defendant qualifies for that 2-level downward adjustment and USSG § 3E1.1(b) is applicable, the government agrees to move for the additional 1-level downward adjustment of § 3E1.1(b), if defendant accepts the terms of this plea agreement by the deadline established in Paragraph 1.

Apart from any expressed agreements and stipulations, and to fulfill their duties under the sentencing guidelines, the parties reserve the right to communicate, and present evidence

related to, other guideline adjustments and sentencing factors for consideration by the U.S. Probation Office and the Court.

The parties have entered into this plea agreement under the provisions of Rule 11(c)(1)(B). Defendant also acknowledges and understands that the Court is not bound by, nor obligated to accept, these stipulations, agreements, or recommendations of the United States or defendant. And, even if the Court rejects one or more of these stipulations, agreements, or recommendations, that fact alone would not allow defendant to withdraw her plea of guilty. It is the expectation of the United States that its criminal investigation of defendant's conduct (as opposed to the wrongdoing of others) will cease upon the signing of this plea agreement.

## Waiver of Right to Appeal and Bring Collateral Challenge

8. Defendant understands that the Court will consider those factors in 18 U.S.C. § 3553(a) in determining her sentence. Defendant also understands that the Court has jurisdiction and authority to impose any sentence within the statutory maximum for the offense(s) to which she is pleading guilty. Defendant further understands that 28 U.S.C. § 1291, and 18 U.S.C. § 3742, give her the right to appeal the judgment and sentence imposed by the Court. Acknowledging all this, defendant in exchange for the promises and concessions made by the United States in this plea agreement, knowingly and voluntarily waives her right to:

a. Appeal or collaterally challenge her guilty plea, sentence and restitution imposed, and any other aspect of her conviction, including but not limited to any rulings on pretrial suppression motions or any other pretrial dispositions of motions and issues;

b. Appeal, collaterally challenge, or move to modify under 18 U.S.C. § 3582(c)(2) or some other ground, her sentence as imposed by the Court and the manner in which the sentence is determined, provided the sentence is within or below the advisory guideline range determined by the Court to apply to this case. Defendant acknowledges that this waiver remains in full effect and is enforceable, even if the Court rejects one or more of the positions of the United States or defendant set forth in paragraph 7.

c. It is provided that defendant specifically does not waive the right to appeal a sentence above the advisory sentencing guideline range determined by the Court to apply to this case.

9. The United States agrees to waive its right under 18 U.S.C. § 3742 to appeal the sentence imposed by the Court and the manner in which the sentence was determined.

### Waiver of Claim to Prevailing Party Status

10. Defendant expressly acknowledges that she is not a "prevailing party" within the meaning of 18 U.S.C. § 3006A with respect to the count of conviction or any other count or charge that may be dismissed pursuant to this agreement. If defendant is represented by

7

retained counsel, she voluntarily, knowingly, and intelligently waives any rights she may have to seek reasonable attorney's fees and other litigation expenses under 18 U.S.C. § 3006A.

## Obligations of Defendant

11. Defendant shall commit no further crimes.

12. It is understood that, should defendant commit any further crimes or should it be determined that she has knowingly given false, incomplete, or misleading testimony or information, or should she otherwise violate any provision of this agreement, the United States may declare this agreement null and void and prosecute defendant for any and all of her federal criminal violations, including perjury and obstruction of justice. Any such prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this agreement may be brought against defendant, notwithstanding the expiration of the statute of limitations between the signing of this agreement and the commencement of such prosecution. Defendant hereby waives all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this agreement is signed.

13. The parties also recognize that in the event it is determined that defendant has committed any further crimes, knowingly given false, incomplete, or misleading testimony or information, or otherwise violated any provision of this agreement, (a) all statements made by defendant to the United States or other designated law enforcement agents, and any testimony

given by defendant before a grand jury or other tribunal, whether prior to or subsequent to the signing of this agreement, and any leads from such statements or testimony shall be admissible in evidence in any criminal proceeding brought against defendant; and (b) defendant shall assert no claim under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule or law that such statements or any leads therefrom should be suppressed. It is the intent of this agreement to waive all rights in the foregoing respects.

## The Obligations of the United States

14. If defendant enters a plea of guilty as described above and fully meets all obligations under this agreement, the United States will move to dismiss at sentencing Counts 1-3 and 5-9 of the Superseding Indictment and she will not be further prosecuted by the United States Attorney's Office for the Western District of Oklahoma for any crimes related to her participation in any conspiracy or scheme to defraud DOL-OWCP, in the billing of the seven (7) CPT codes identified in the Superseding Indictment as well as code RP100 during the period from January 2005 through July 2011.. This agreement does not provide any protection against prosecution for any crime not specifically described above.

15. It is understood that the sentence to be imposed upon defendant is within the sole discretion of the Court. The United States does not make any promise or representation as to what

sentence defendant will receive   The United States agrees that it will not oppose defendant's request for a downward variance. The United States reserves the right to inform the Probation Office and the Court of (a) the nature and extent of defendant's activities with respect to this case and all other activities of defendant which the United States deems relevant to sentencing, and (b) the nature and extent of defendant's cooperation with the United States

## Signatures

16.  By signing this agreement, defendant acknowledges that she has discussed its terms with her attorney and understands and accepts those terms.  Further, defendant acknowledges that this document contains the only terms of the agreement concerning her plea of guilty in this case, and that there are no other deals, bargains, agreements, or understandings which modify or alter these terms.

DATED THIS 14th DAY OF AUGUST, 2012.

APPROVED:

_____
KERRY KELLY
Deputy Chief, Criminal Division

_____
FARIDEH HEIDARPOUR

SANFORD C. COATS
United States Attorney

_____
VICKI ZEMP BEHENNA
Assistant U.S. Attorney
Western District of Oklahoma

_____
DREW NEVILLE
Attorney For Defendant

11